On the 13th September, 1813, Tilghman C. J. and Yeates J. gave their opinions as follows :•
Tilghman C. J.
This is an action on three bills of exchange drawn by the defendant on Alexander Scott, late of Lancaster county, deceased, payable to the'plaintiff* The bills were accepted by Scott, and afterwards protested for non-payment. The cause is brought before us on a writ of error, directed to the Court of Common Pleas of Erie county. It appears by the record, that exceptions were taken to the Court’s opinion on several points. But before these are considered, we must dispose of a preliminary objection which goes to the action. It is said, that by the 10th and 13th sections of the act “ to regulate arbitrations and proceedings in courts “ of justice,” this action should have been zzz debt in the form prescribed by the 10th section. But the construction put upon this act has been, that the form prescribed by the 10th section may be pursued or not at the option of the plaintiff. *34 That form was intended for cas.es where- the plaintiff brought suit in-person or by his.; agent,, without .employing an attorney. . The construction was submitted to the Court of Common Pleas for. the .county.of. Philadelphia, soon after the law-passed, when it was held that.a.plaintiff, may pursue the old form of, action.if he thinks.proper.- This opinion has, been adopted in practice, ;and to alter it now (even if there were good ground for the alteration, which .1 do not think there is) would produce infinite .inconvenience. I. am therefore .of opinion that the form of action is. good.,: ■ ,
1. The first exception, to. the. opinion of the. Court below, ■is, that they permitted the, plaintiff t.o amend his declaration after the jury xvere sworn. . This exception has been very properly relinquished- by the plaintiff ip error.' .. By the 6th section of the act .of. assembly before-mentioned, the Court is authorised to permit amendments on or before the trial. The construction- .has., been.;settled by. several .decisions,, and indeed the words are.so plain, that I am.,surprised a question should everhave arisen on them.- , ...
: 2. The next-exception is-to the admission .of Mr. Baldwin, attorney for the plaintiff, as a witness. Mr. Baldwin had no -positive interest,- although he expected a larger fee, in case the plaintiff recovered. ..It is not. stronger-thap.the case of a child, whose testimony .tends to increase the., estate of his father. .The child must naturally expect to gain something, -in consequence of the increase of;the. father’s estate. But it ::is‘ only expectation, which the father may disappoint at his pleasure. - Mr. Baldwin could not compel the plaintiff to pay him a larger fee, in-case of recovery in this action. The objection therefore goes to his credit and not-.to his competency.
3. The last exception is’to the charge of the Court. The .-defendant had given evidence on which he-me.ant .to contend before the jury, that he drew the bills, merely as the agent of Scott, as was axiell-known to the-plaintiff. The Court charged, the defendant was responsible, unless the plaintiff spedally and explicitly agreed to resort only to Scott, and not to drawer. This was going too far. The,drawer of a.bill is presumed to be liable in case of non-payment by the --drawee: But the drawer may rebut this presumption, by proving, that between the .payee and himself there was no consideration, and . that the general understanding-was, that the drawer was merely, an agent, and not to.be held respon *35 sible. It was a fact for'the jury, whether upon the evidence, credit was given solely to the. drawee, but it was -not .necessary that a special agreement should be proved,' in order to exonerate the drawer. This might be inferred from circumstances. ' But although-1 think the Court carried the law to an extreme, yet I am far .from .saying, that they judged wrong, as to the conclusion which the. jury might well draw from the evidence; for the circumstances should be clear and strong, to take off the presumption which arises from the drawing of a bill. We have nothing to do, however, with the fact. We know not-whether the-jury may not have formed their verdict solely on the- opinion of the Court, which called for a special agreement. Being of opinion, that the Court ■erred in law, it is a necessary consequence that the judgment should be reversed, and a venire de novo awarded.
Yeates J.
The first exception taken in this cause upon the argument in September Term, 1812, is, that the writ was brought in case, and not in debt, according to the provisions of the 10th section of the act “ to regulate arbitrations. and “proceedings in courts of justice,” passed 21st March,' 1806. I see no erf or herein. The intention of that law was to facilitate the recovery of demands, without the intervention of an attorney at law. One common form of action is given to • every person, who either by himself, or his agent, is desirous to recover by legal process, any debt, &c. and the pr.othonotaryof every court of-record is bound, to issue it on. their written application. But the appropriate process, at common law, is not taken away, by any part of the act, if the party or his attorney thinks proper to use it.' ' Such has -been the uniform construction of this law. The 6th section provides, that suits shall not be set aside foi informality, but when in the opinion of the Court an informality in any statement, or declaration filed, will affect the merits of the-.cause in controversy, the plaintiff shall be -permitted to-amend his declaration or statement; The enlargement .of the damages laid in this declaration, would'in my.idea have been authorised-on commdn.,law principies, more particularly, from-the. length, of time which has elapsed from- the- commencement of the action ; but the power of the Court, under the arbitration aet, cannot reasonably be doubted. It has been so .adjudged ;in Clark et al. v. Herring, 5 Binney, 33.
*36 The courts of justice of this state, have for many years inclined to restrain objections to witnesses, on the grounds of possible interest to their credit, rather than their competency; herein they have followed Lord Hardwicke in the King v. Bray, (Hardw. Ca. 360), and of Lord Mansfield in Abrahams qui tam v. Bunn, (4 Burr. 2251), They have in repeated instances adopted the principles laid down in Bent v. Baker et al. (3 Term. Rep. 33), and-the modern English cases; when the verdict in the cause cannot be usedyir the person called in to testify, he is a competent witness, although he may entertain wishes upon the subject. The interest which disqualifies a person from giving testimony must be certain, not possible, nor even probable ; he must be a positive gainer by the event of the cause, .in which he is called upon to testify. One underwriter may be a witness for another, whose name is subscribed to the same policy of insurance. Judging by these rules,.Henry Baldwin, Esq. was a legal witness, although he admitted that he should charge the defendant in error, a larger sum for his services in case the suit should terminate in' his favour, than if he should be unsuccessful. He had-no conversation or agreement with his client, as to the amount of his .compensation; his expectations of a superior remuneration, created no legal obligation binding on his client to .pay. him. such larger sum. To the jurors it peculiarly belongedto balance his probity and veracity against his natural wishes.and bias, and as the scale preponderated, impartially to decide.on his credibility.
But I regard .the'charge of the Court as erroneous, in stating explicitly that notwithstanding any thing contained in the deposition of Alexander Scotty the defendant below was subject to liability as the drawer of the bill. Every defence was ..open to him. as if the bill had not been drawn. It remained in original plight; no bona fide indorsee was concerned. If the provisions and other articles which formed the consideration of the draft were furnished by O'Hara to Miles, as the agent of David Watts and Alexander Scott, the former knowing .the agency, and relying upon the credit of Scott alone for payment, Miles was not responsible to O'-Hara, because he trusted not to him. Circumstanced as this case is, the only question is, what was the meaning of the parties to the contract, according to the expressions of Ashurst J. in Macbeath v. Halimand, 1 T. R. 181. It is impossible to say what *37 credit the jury would have given to the testimony of Scott, or what inferences they would have drawn from it. They' had a right to judge of its effect; but it was withdrawn from their consideration by the general remark, that notwithstanding what he had sworn, the defendant below was liable upon his draft. It was not necessary to show in the defence of Miles that there was a special contract exempting him from liability; but it lay on 0‘i7¿zr«, if he had transacted the business with Miles in his representative character as an agent, and gave the credit to Messrs. Watts and Scott, to show that the latter had made himself personally liable in his individual capacity, for the amount of the articles furnished. For these reasons I am of opinion that the judgment of the Court of Common Pleas of Erie county be reversed, and a new trial awarded.
Brackenridge J. having been of counsel for the plaintiff below, gave no opinion.
Judgment reversed.
This cause again came on for. trial in the Court below at August Term, 1814, when the plaintiff was again permitted by the Court to increase the damages laid in the declaration so as to include the accumulation of interest. The defendant’s counsel then moved for a continuance to the next term, to which, he contended, the defendant was entitled under the act of assembly, as a matter of right. The Court, however, declared that the continuance could not be granted, unless the defendant showed that he was taken by surprise. The cause was accordingly tried. During the trial the opinion of the Court on several points was excepted to by the defend-, ant’s counsel. A bill of exceptions was sealed, and the defendant took his writ of error.
Baldwin now moved to quash the writ of error, because the oath of the plaintiff in error made in compliance with the act of 11th March, ISO/, “ that the writ was not sued out for “ the purpose of delay,” was made before the trial of the, cause in the Court below.
Wilkins, contra.
*38 TilGhman C. J.
delivered the opinion of the Court.
The act of assembly requires an oath “ that the writ was “not intended for delay.” The objection is, that before the cause was tried it could not bé known that there would be any error; and therefore the oath could not properly be taken. But the writ might have been taken out with an intention not to use it, unless such error should take .place on the trial as would justify the oath. We do not see therefore any inconsistency between the oath and the act of assembly. If writs of error cannot be sued out before trial, persons whose causes are tried at a distance from Pittsburgh, will be subject to great inconvenience and oppression; because an execution maybe taken out and served, before a writ of error can be had. This is an evil which we ought to prevent, unless the law is peremptory to the contrary. But that is not the case. Every thing has been done which the law requires. The motion to quash the writ ought not therefore to be granted.
The points brought before' this Court by the present bill of exceptions being unimportant, the judgment of the Court below was affirmed without argument."
Judgment affirmed.