## WILLIAM NICHOLSON, Administrator of ANN FARIS *vs.* THOMAS FRAZIER.

A judgment creditor fully secured by the real estate of an intestate, and who has no specific lien on the personal property, is a competent witness for the administrator, in an action to recover a debt due the intestate. A receipt is not conclusive evidence of payment. If attacked on the ground of *mistake,* the plaintiff ought to be able to show in what the mistake consists.

THIS was an action of scire facias on a mortgage for $1,053 80, with interest from the 25th of March, 1837. There were credits in-dorsed:—5th of Nov., 1840, $300 ; 30th of March, 1841, $390; 27th of June, 1842, $50 ; October, 1842, $50. The plea was " payment;" and the defendant produced a further receipt, signed Ann Faris, and dated April 20, 1843, for $676 64. He called a witness to prove this receipt, who had seen Ann Faris write, and swore " that this looked like her signature ; he would not swear positively it was her's, but should think it hers." The body of the receipt was Thomas Frazier's handwriting. On this proof the receipt was admitted in evidence, and defendant closed.

The plaintiff objected to this receipt, that it was either false alto-together; or, if ever given by Ann Faris, it was given under a mis-take, and without payment of the money. He called a witness, who, being sworn on the voire dire, stated that he was a judgment

creditor of Ann Faris' estate; but that his debt was amply secured by liens on her real property, and he had no specific or execution lien on her personal property. He was objected to as incompetent from interest.

*By the Court:*

The principle governing the admissibility of evidence is a *direct* interest in the event of the suit, or an interest in the record, i. e., where the verdict and judgment may be given in evidence for or against the witness. The question whether Mrs. Faris' estate is sufficient to pay her debts, cannot be tried in this suit; and the interest of witness, if any, is contingent. He is a creditor of that estate, perfectly secured as he says; but that is for the jury, if they shall judge it impairs his credit. This is our view at present; no authority having been cited directly bearing on the question. (1 *Stark. Evid.* 103.) A disqualifying interest " must be a present, certain, vested interest; and not uncertain or contingent. (1 *Greenl. Ev.* § 389.) " The disqualifying interest of the witness, must be in the event of the cause itself, and not in the question to be decided." Thus a creditor may be a witness for his debtor, cites, *Paull.* vs. *Brown*, 6 *Esp.* 34; *Nowell* vs. *Davies*, 5 *B. & Ald.* 368; yet a creditor of a bankrupt, or other person, is not a good witness to increase or preserve a fund out of which he is entitled to be paid, *Ibid* § 392, and the cases referred to in the note. (*Ibid* § 390.) The true test of the interest of a witness, is that he will either gain or lose by the direct legal operation and effect of the judgment; or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest; and not an interest uncertain, remote, or contingent. Thus the heir opparent to an estate, is a competent witness in support of the claim of his ancestor; though one who has a vested interest in remainder, is not competent. (1 *Serg. & Rawle* 36.) The interest must be certain, not possible, or even probable; he must be a positive gainer by the event of the cause. An attorney is a competent witness, though he expects a larger fee if his client recover. (See also, 1 *Harr. Rep.* 43, 130.)

The witness was sworn in chief; and on his testimony and that of others, the case went to the jury, after argument by *Mr. Gray*, for the plaintiff, and *Mr. Rogers*, for the defendant; the Court by

Harrington, *Justice*, charging :—That the case depended on the question whether there was in fact a payment made by the defendant, to Mrs. Faris, on the 20th of April, 1843, of the sum of $676 64.

In the first place, it was for the defendant to prove the payment. He offers to do so by producing this receipt, which he says is the genuine receipt of Mrs. Faris; signed by her, and delivered to him, as the evidence of the payment. If this receipt be genuine, it is very strong evidence of the payment; the strongest kind of evidence; but not absolutely conclusive. Though genuine, it may still be controverted and shown to have been given under a mistake; but in such case it is for the plaintiff to satisfy the jury of the mistake, and in what respect that mistake consists. And if the jury were satisfied of this, they must find a verdict for the plaintiff, notwithstanding her receipt; for their object was truth, and the receipt, as well as the oral testimony were but means of reaching the truth; but before they would discredit a genuine receipt on the ground of *mistake,* the jury should reasonably require that the plaintiff shall show them how the mistake arose, or in what respect it exists; as by fraud, accident, error in calculation, collusion, &c. &c.

This was on the supposition that the receipt of the 20th of April, 1843, was *genuine.* If not genuine, it could have no force or effect as evidence, and the whole defence failed. The receipt was in evidence. It was admitted by the court as sufficiently proved to go before the jury; leaving it still for them to decide whether it was the genuine receipt of Ann Faris, and the name subscribed to it was in her own proper handwriting.

Verdict for the defendant.

*Gray,* for plaintiff.
*Rogers, jr.,* for defendant.